**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JAMES MCGUCKIN, M.D., and** | : | |
| **PHILADELPHIA VASCULAR** | : | |
| **INSTITUTE, LLC,** | : | |
| | : | |
| *Appellants,* | : | |
| **v.** | : | |
| | : | |
| **WILLIAM WHITFIELD GARDNER,** | : | **CIVIL NO.  22-4981** |
| | : | |
| *Appellee.* | : | |
| | : | |
| **VASCULAR ACCESS CENTERS, LLC,** | : | |
| **and JAMES MCGUCKIN, M.D.,** | : | |
| | : | |
| *Appellants,* | : | |
| **v.** | : | |
| | : | |
| **WILLIAM WHITFIELD GARDNER,** | : | **CIVIL NO.  22-5011** |
| | : | |
| *Appellee.* | : | |

**<u>MEMORANDUM</u>**

**Scott, J.**                                                                          **September 30, 2024**

Before the Court are two appeals from orders issued by the Bankruptcy Court for the

Eastern District of Pennsylvania in *In re Vascular Access Centers, L.P.*, No. 19-17117. In Case

Number 22-cv-5011, Appellants James McGuckin, M.D. ("McGuckin") and Vascular Access

Centers, LLC ("VAC, LLC") appeal the Bankruptcy Court's order denying Appellants' motion to

reconsider appointing a Chapter 11 Trustee and the underlying order appointing a Chapter 11

Trustee (Trustee Order Appeal). In Case Number 22-cv-4981, Appellants McGuckin and

Philadelphia Vascular Institute, LLC ("PVI") appeal the Bankruptcy Court's order which awarded

Appellee William Whitfield Gardner ("Gardner") $1,417,861.75 in fees/expenses (Sanction Order

Appeal).

In each appeal, Gardner filed substantially identical motions to dismiss arguing that the appeals should be dismissed based on Appellants' failure to timely file their brief and their required disclosures. *See* Case No. 22-cv-5011, ECF No. 7; Case No. 22-cv-4981, ECF No. 6. Thereafter, Stephen V. Falanga, Chapter 7 Trustee ("Falanga" or "the Trustee") for the bankruptcy estate of the Debtor, Vascular Access Centers, L.P. ("VAC" or the "Debtor") joined Gardner's Motion to Dismiss the Trustee Order Appeal and articulated additional arguments for dismissal. Case No. 22-cv-5011, ECF No. 19. For the reasons set forth below, the Court declines to dismiss the appeals upon a balancing of the *Poulis* factors; however, the Court will dismiss the Trustee Order Appeal, Case No. 22-cv-5011, as moot.

## I.     BACKGROUND

The Court writes for the parties and thus, only briefly summarizes the facts necessary to the disposition of the pending Motions.

The entity at the center of this dispute is VAC, which McGuckin founded in April 2005. VAC is a Pennsylvania limited partnership, which conducted its business through a number of limited liability company subsidiaries. These subsidiaries operated and managed outpatient vascular access centers, whereby physician interventionalist performed dialysis access procedures and certain other vascular access procedures on patients with end-stage renal disease and other vascular conditions or diseases. The general partner of VAC was VAC, LLC, of which McGuckin was the sole member and manager. In May 2005, Gardner became a limited partner of VAC. Gardner's investments and substantial capital infusion made him the majority-in-interest limited partner of VAC.

2

On November 12, 2019, three purported creditors of VAC: (1) PVI , an entity owned and controlled by McGuckin; (2) Metter & Company, an accounting firm owned by Stan Metter, one of VAC's limited partners, and (3) Crestwood Associates, LLC, an entity owned by McGuckin's brother, Brian McGuckin, filed an involuntary petition under Chapter 11 of the Bankruptcy Code against VAC. The next day, VAC consented to the involuntary petition.

Thereafter, on November 22, 2019, Gardner filed a motion to dismiss the involuntary Chapter 11 petition pursuant to 11 U.S.C. § 1112(b) or to appoint a Chapter 11 trustee under 11 U.S.C. § 1104(a) ("Gardner's Motion"), alleging that the petitioning creditors had instituted involuntary proceedings in bad faith. On February 6, 2020, the Bankruptcy Court held a hearing on Gardner's Motion and held that the bankruptcy case was filed in bad faith and that it was "in the best interests of VAC's creditors and the bankruptcy estate to appoint a Chapter 11 Trustee." Immediately following the dismissal hearing, McGuckin resigned his management positions at VAC and withdrew VAC, LLC as the general partner of VAC, effective immediately. Then, on February 12, 2020, the Bankruptcy Court entered an order approving Falanga's appointment as Chapter 11 Trustee in the Bankruptcy Case.

On February 20, 2020, McGuckin and VAC, LLC appealed the trustee order, initiating Civil Case No. 20-1028 (First Appeal). A month later, Gardner filed a motion for sanctions against McGuckin and PVI. Following briefing and a hearing, the Bankruptcy Court stayed adjudication of the motion for sanctions pending disposition of the First Appeal.

3

In July 2020, briefing on the First Appeal was completed. However, in April 2021, McGuckin filed a motion to supplement the record to include "new evidence" obtained in McGuckin's lawsuit against VAC's former counsel. On April 15, 2021, the District Court dismissed the First Appeal and remanded the matter back to the Bankruptcy Court so that "Appellants may file a motion for reconsideration of the Bankruptcy Court's Order" based on the "new evidence."

On May 1, 2021, McGuckin and VAC, LLC filed their motion for reconsideration of the trustee order based on the "new evidence." On September 30, 2021 and October 1, 2021, the Bankruptcy Court held evidentiary hearings on the motion for reconsideration and Gardner's motion for sanctions against McGuckin and PVI. Thereafter, on October 28, 2021, the Bankruptcy Court issued an order finding that Gardner sufficiently established the liability of McGuckin and PVI under the sanctions motion and directing Gardner to submit his fees and expenses incurred in response. Within this order, the Bankruptcy Court noted in a footnote that it had not found any basis to reconsider/vacate the trustee order.

On November 10, 2021, McGuckin and VAC, LLC seized on this footnote in order to appeal the trustee order for the second time. Civil Case No. 21-5015 (Second Appeal). However, the District Court dismissed the Second Appeal on March 22, 2022, finding that the issues were not ripe for review as the opinion on the motion for reconsideration had not yet issued.

On December 1, 2022, the Bankruptcy Court issued the two decisions that are the subject of the appeals currently before this Court. In one decision, the Bankruptcy Court denied the motion to reconsider or vacate the trustee order finding that the "new evidence" would not have had any impact on the outcome of the proceedings related to the appointment of a trustee had it been brought to the court's attention prior to the issuance of the trustee order. In the other decision, the Bankruptcy Court found that sanctions were "warranted against McGuckin and PVI jointly and severally due to their bad faith efforts to file the involuntary petition for improper purposes without sufficient evidentiary support for the claims asserted in the petition" and awarded Gardner $1,417,861.75 in fees and expenses.

On December 12, 2022, McGuckin and VAC, LLC filed a notice of appeal of the reconsideration order (and by extension, the trustee order), initiating the Trustee Order Appeal, Case No. 22-cv-5011. That same day, McGuckin and PVI filed a notice of appeal of the sanctions orders, initiating the Sanction Order Appeal, Case No. 22-cv-4981. Three days later, McGuckin and PVI moved for a stay of the sanctions order pending the appeal, which the Bankruptcy Court denied on February 8, 2023, finding that a stay was not warranted because, among other reasons, McGuckin and PVI did not demonstrate a likelihood of success on the merits on appeal nor any evidence of irreparable harm. On January 25, 2023, notices that the Bankruptcy Court records for both appeals had been fully transmitted were docketed on the Bankruptcy Court docket.

Then, on March 8, 2023, the Bankruptcy Court entered an order converting the Debtor's bankruptcy case to a case under Chapter 7 and appointing the Trustee as the Chapter 7 Trustee, thereby discharging the Chapter 11 Trustee and concluding the Debtor's Chapter 11 case.

5

That brings us to the Motions currently pending before this Court. On March 9, 2024, Appellee Gardner filed substantially the same Motions to Dismiss in both the Sanction Order Appeal and the Trustee Order Appeal. *See* Case No. 22-5011, ECF No. 7; Case No. 22-4981, ECF No. 6. The Motions argue that both appeals should be dismissed because Appellants failed to timely file their appellate briefs or required disclosures in each case. *See id.* Appellants filed Oppositions in both cases. *See* Case No. 22-5011, ECF No. 10, Case No. 22-4981, ECF No. 10. And Gardner filed Replies in both cases. *See* Case No. 22-5011, ECF No. 12; Case No. 22-4981, ECF No. 12. Additionally, in the Trustee Order Appeal, Trustee Falanga joined in Gardner's Motion to Dismiss arguing that in addition to the reasons put forth in Gardner's Motion to Dismiss, the Trustee Order Appeal should also be dismissed because (a) Appellants lack standing to pursue the appeal and no redressable injury exists; and (b) the appeal is both actually and equitably moot.[1] Gardner then joined in Falanga's Joinder Motion (*See* Case No. 22-5011, ECF No. 20) and PVI and McGuckin filed an Opposition. *See* Case No. 22-5011, ECF No. 21. The Court held oral argument on the Motions on May 8, 2023.

## II.   DISCUSSION

For the reasons described more fully below, the Court concludes that dismissal is not appropriate upon balancing the *Poulis* factors. However, the Court will dismiss the Trustee Order Appeal as moot.

### A.   The Court Declines to Dismiss the Appeals upon Balancing the *Poulis* factors

Federal Rule of Bankruptcy Procedure 8018(a) provides, in relevant part, as follows:

---

[1]    The Motion also argues that to the extent that this Court is inclined to treat the Trustee Order Appeal as an appeal of the Trustee Order and to reverse or remand the Trustee Order for any reason, any such order should "include sufficient protections to ensure that the status quo ante is preserved from the date of the Trustee Order through the date of any such reversal on appeal so as to mitigate the resulting harm to parties-in-interest and to leave undisturbed the multiple transactions pending and consummated to date." *See* Case No. 22-5011, ECF No. 19.

6

> (1) The appellant must serve and file a brief **within 30 days after the docketing of notice that the record has been transmitted or is available electronically**. . . . (4) If an appellant fails to file a brief on time or within an extended time authorized by the district court or BAP, **an appellee may move to dismiss the appeal**—or the district court or BAP, after notice, may dismiss the appeal on its own motion.

Fed. R. Bankr. P. 8018(a)(1)–(4) (emphasis added). An appellant must also file a disclosure regarding its ownership before the same deadline. Fed. R. Bankr. P. 8012.

"The Third Circuit has directed district courts to balance the *Poulis* factors to determine whether dismissal of an appeal is appropriate when the appellant fails to timely file his or her brief." *Goldsmith v. Pittsburgh Mercy Health Sys., Inc.*, No. 20-cv-00161, 2020 WL 4450370, at *3 (W.D. Pa. Aug. 3, 2020) (citing *In re New Century TRS Holdings, Inc.*, 619 F. App'x 46 (3d Cir. 2015)). The six *Poulis* factors the Court must balance are: "(1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense." *Emerson v. Thiel Coll.*, 296 F.3d 184, 190 (3d Cir. 2002) (citing *Poulis v. State Farm Fire and Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). Each *Poulis* factor need not be satisfied for the court to dismiss. *Ash Trucking Co. v. Glob. Indus. Techs., Inc.*, No. 07-cv-1443, 2008 WL 437028, at *4 (W.D. Pa. Feb. 14, 2008) (citations omitted).

Here, upon balancing the *Poulis* factors, the Court does not find that Appellants' failure to timely file their briefs and required disclosures warrants the extreme sanction of dismissal. As to the first factor, it is "a question of whether the [party himself] caused a delay as opposed to whether

7

counsel for the party is responsible." *Vittas v. Brooks Bros. Inc., Grp.*, No. 14-3617, 2017 WL 6316633, at *2 (D.N.J. Dec. 11, 2017) (citations omitted). Here, Appellants' counsel, not Appellants themselves, appears responsible for the failure to file their brief and corporate disclosures prior to the deadlines set forth in the applicable rules. In fact, at oral argument, counsel stated, "I am falling on my own sword. It's certainly not my client's fault." *See* Case No. 22-cv-5011, ECF No. 23 (hereinafter, "Hearing Tr.") 56: 9–11. Thus, this factor leans against dismissing.

Under the second *Poulis* factor, the Court considers "the prejudice to the adversary caused by the failure." *Emerson*, 296 F.3d at 190. Here, the Court recognizes that there is prejudice to Appellee as he had to expend resources to address Appellants' procedural delays. Appellee also points out that the ongoing Trustee Order Appeal casts a pall of uncertainty over the entire Bankruptcy Case. *See* Case No. 22-cv-4981, ECF No. 6 at 19. However, the Bankruptcy Case was not stayed pending this appeal and thus, while uncertainty remains, the prejudice in a delay in the filing of their appellate brief does not weigh strongly in favor of dismissal.

As to the third factor, "a history of dilatoriness," Appellee points to appeals and delay tactics by Appellants in the related proceedings. *See* Case No. 22-cv-4981, ECF No. 6 at 19–20. At the same time, however, it appears to this Court that this is the first instance Appellants have missed a filing deadline. Accordingly, this factor does not weigh strongly in favor of dismissal.

As to the fourth factor, the Court considers "whether the conduct was the type of willful or contumacious behavior which [is] characterized as flagrant bad faith." *Briscoe v. Klaus*, 538 F.3d 252, 262 (3d Cir. 2008) (internal quotations and citation omitted). "If the conduct is merely negligent or inadvertent, [the Court] will not call the conduct 'contumacious.'" *Id.* (citation omitted). At oral argument, counsel for Appellee Gardner conceded that "if we're talking specifically about the not filing of a [brief] . . . on that date, I don't know that there's any evidence

8

that that was willfully done. . . . [b]ut I do think there's a culture of not following or heeding the rules, or respecting them for what they say that has seeped into this case[.]" Hearing Tr. 16:22–17:9. Thus, Appellee argues that while willfulness may not be present, "perhaps some of the bad faith prong of it" is present. *Id.* at 17:12–13. Here, the failure to timely file briefs and disclosures cannot be characterized as flagrant, and moreover, counsel has timely complied with this Court's deadlines post this conduct. Therefore, particularly in light of counsel for Appellee's concession, the Court finds this factor does not support dismissal.

Under the fifth factor, the Court must consider the effectiveness of sanctions other than dismissal. "Dismissal must be a sanction of last, not first, resort." *Poulis*, 747 F.2d at 869. Appellee argues that "pursuant to the Sanctions Order, McGuckin is already liable for Gardner's fees and expenses incurred in his appeal of the Trustee Order and the Sanctions Motion," and therefore, "[d]ismissal is the only appropriate remedy." *See* Case No. 22-cv-4981, ECF No. 6 at 21. In response, counsel for Appellants argues that a short delay in the briefing schedule does not warrant any sanction at all, but if it did, there are alternative sanctions, such as precluding Appellants from participating at oral argument if the Court were to schedule such argument. *See* Hearing Tr. 67–69. The Court does not view this suggestion to be an effective alternative sanction. However, given the fact that McGuckin is already liable for Gardner's fees and expenses and as those fees and expenses have necessarily increased because of these Motions, the Court finds this continuing sanction sufficient at this time.

Lastly, as to the sixth factor, the meritoriousness of the appeal, "[a] claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by plaintiff or would constitute a complete defense." *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 137 (3d Cir. 2019) (citation omitted). The Court recognizes that: (a) the Bankruptcy

Court in denying McGuckin's motion to stay has already concluded that McGuckin has no likelihood of success on the merits in the Sanction Order Appeal, and (b) both orders on appeal will be reviewed under highly deferential standards. However, the Court cannot affirmatively state whether the appeals have merit as they have not been briefed for this Court. Therefore, the Court finds this factor to be neutral.

The Third Circuit has repeatedly stated that its "preference [is] that cases be disposed of on the merits whenever practicable" and has noted that "[n]ot every failure to follow procedural rules mandates dismissal of the appeal." *In re Lawson*, 774 F. App'x 58, 59–60 (3d Cir. 2019) (internal quotations and citations omitted). With this in mind, upon balancing the *Poulis* factors, the Court does not find the harsh sanction of dismissal to be warranted for Appellants' failure to timely file their briefs and required disclosures.

### B.    The Court will Dismiss the Trustee Order Appeal as Moot

In joining Gardner's Motion to Dismiss the Trustee Order Appeal, Falanga advances additional arguments in support of dismissal, including mootness arguments. *See* Case No. 22-cv-5011, ECF No. 19. For the reasons that follow, the Court agrees with Falanga that the Trustee Order Appeal is moot, and the Court will therefore dismiss the Trustee Order Appeal.[2]

"A case is moot when 'the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *United Steel Paper & Forestry Rubber Mfg. Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Gov't of Virgin Islands*, 842 F.3d 201, 208 (3d Cir. 2016) (citation omitted); *see also Ordonez-Tevalan v. Att'y Gen. of United States*, 837 F.3d 331, 339–340 (3d Cir. 2016) ("[A]n issue is moot if changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief."). "The conversion

---

[2]    Because the Court finds the Trustee Order Appeal is moot, the Court declines to address Falanga's additional arguments.

of a petition from one chapter to another generally moots an appeal taken from an order in the original chapter." *In re Speer*, 771 F. App'x 25, 27 (2d Cir. 2019) (citation omitted).

Here, as detailed *supra*, the Bankruptcy Court entered a conversion order in March of 2023, which concluded the Debtor's Chapter 11 case and discharged the Chapter 11 Trustee, and then appointed the Trustee as the Chapter 7 Trustee, thereby supplanting the trustee order. Therefore, even if this Court did reverse the Bankruptcy Court's order appointing a Chapter 11 Trustee, there is no meaningful relief this Court could fashion. Because there is no longer a Chapter 11 Trustee, neither reversal nor modification of the Bankruptcy Court's trustee order would impact any legally cognizable interest of Appellants. Appellants argue that "if this Court reverses the prior findings of the Bankruptcy Court appointing the Trustee, that provides a basis to challenge his Chapter 7 appointment." ECF No. 21 at 13. But the phrase "[a] basis to challenge" highlights that any relief this Court could implement would have no practical effect on the Bankruptcy proceeding. This is especially true given the length of time that has passed since both the Chapter 11 trustee appointment and the conversion order.[3] Accordingly, Appellants' appeal of the appointment of a Chapter 11 Trustee is moot and the Court will dismiss the Trustee Order Appeal.

III.   **CONCLUSION**

For the foregoing reasons, the Court declines to dismiss the appeals upon a balancing of the *Poulis* factors; however, the Court will dismiss the Trustee Order Appeal, Case No. 22-cv-5011, as moot. Appropriate Orders will follow.

---

[3]     The underlying briefing on the motion for reconsideration of the Chapter 11 trustee order and the briefing here illustrate that what Appellants realty want is for this Court to vacate certain factual findings made by the Bankruptcy Court in connection with the trustee order. But "[f]ederal courts are not authorized to issue advisory opinions." *In re McDonald*, 205 F.3d 606, 608 (3d Cir. 2000) (citations omitted). Because there is no live controversy, the Court must dismiss the Trustee Order Appeal.